**Motion Granted in Part and Denied in Part and Order filed February 28, 2017.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-16-00836-CV

———————

## IN THE INTEREST OF J.P. AND J.P., MINOR CHILDREN

---

### On Appeal from the 245th District Court
### Harris County, Texas
### Trial Court Cause No. 321010245

---

### O R D E R

This is an appeal from a judgment signed September 16, 2016. The clerk's record has been filed. The reporter's record has not been filed. Appellee has filed an objection to the clerk's record, a motion to correct the clerk's record, and a motion for the court to consider and decide those issues that do not require a reporter's record for a decision,. Appellee's motions and objection have been pending for more than 10 days, and appellant has not filed a response.

**Clerk's record.** Appellee contends the clerk's record contains unnecessary items due to appellant's impermissibly broad designation. If a party requests more items than necessary to be included in the clerk's record or any supplement, the

appellate court may require that party to pay the costs for the preparation of the unnecessary portion. *See* Tex. R. App. P. 34.5(b)(3).

We need not decide if appellant requested unnecessary items to be included in the clerk's record. The remedy for inclusion of unnecessary material would be for appellant to pay for the unnecessary portion. Appellant has already paid for the entire clerk's record, so no further payment is possible under rule 34.5(b)(3). We **OVERRULE** appellee's objection to the clerk's record and **DENY** his motion to correct the clerk's record.

**Reporter's record.** The official court reporter for the 245th District Court informed this court that appellant had not made arrangements for payment for the reporter's record. On November 2, 2016, the clerk of this court notified appellant that we would consider and decide those issues that do not require a reporter's record unless appellant, within 15 days of notice, provided this court with proof of payment for the record. *See* Tex. R. App. P. 37.3(c). We have since granted appellant more than 90 days of extension of time to file the reporter's record until February 3, 2017, but no reporter's record has been filed.

Texas Rule of Appellate Procedure 37.3(c) allows the court to consider the case without a reporter's record when the appellant is responsible for the record not being filed:

> Under the following circumstances, and if the clerk's record has been filed, the appellate court may—after first giving the appellant notice and a reasonable opportunity to cure—consider and decide those issues or points that do not require a reporter's record for a decision. The court may do this if no reporter's record has been filed because:
>
> (1) the appellant failed to request a reporter's record; or
>
> (2) (A) appellant failed to pay or make arrangements to pay the reporter's fee to prepare the reporter's record; and (B) the

appellant is not entitled to proceed without payment of costs.

Tex. R. App. P. 37.3(c).

The requirements of rule 37.3(c)(2) are satisfied. The clerk's record has been filed. Appellant has failed to pay or make arrangements to pay for the reporter's record and is not entitled to proceed without prepayment of costs. Appellant has had ample notice and opportunity to cure the record deficiency. Accordingly, we **GRANT** appellee's motion for the court to decide those issues that do not require a reporter's record for decision.

We order appellant **Anetria Burnett** to file a brief in this appeal by **March 30, 2017**. If appellant fails to comply with this order, the court will dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 42.3(b).

PER CURIAM